IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

BENJAMIN KING, JR. and )
MALISSA SHAFFER, individually )
and as co-guardians of )
Benjamin King, Sr.; and )
DOUG and PAM SEARS, )
 )
　　　　　　　Plaintiffs, )
 )
v. ) Case No. CIV-10-354-KEW
 )
UNION PACIFIC RAILROAD COMPANY, )
a foreign corporation; and )
JERRY and PATRICIA KNOTTS, )
 )
　　　　　　　Defendants. )

## OPINION AND ORDER

This matter comes before the Court on Plaintiffs' Motion for Remand (Docket Entry #13). Plaintiffs filed this action in the District Court in and for Muskogee County, Oklahoma on October 20, 2009, seeking monetary damages for injuries resulting from a collision at a railroad crossing between a train owned and operated by Defendant Union Pacific Railroad Company ("Union Pacific") and a tractor-trailer driven by Benjamin King, Sr. Plaintiffs also assert claims for negligence against Defendants Jerry and Patricia Knotts ("Knotts"), owners of real estate which is adjacent to the grade crossing where the collision occurred. Plaintiffs allege the Knotts were negligent in failing to use reasonable care in refraining from creating view obstructions which might cause foreseeable harm to users of the roadway.

On September 28, 2010, Union Pacific filed a Notice of Removal, alleging that complete diversity existed between it and Plaintiffs, as Union Pacific was alleged to be a Utah corporation

with its principal place of business located in Omaha, Nebraska and Plaintiffs were Oklahoma residents. Union Pacific also alleged that the Knotts were Oklahoma residents but that they were fraudulently joined by Plaintiffs to defeat diversity jurisdiction since no claim could exist against them. It should be noted that the Knotts did not join in the removal of the action.

As for establishing the jurisdictional amount in controversy, Union Pacific stated in the Notice of Removal that "[o]n August 29, 2010, Union Pacific received Responses to Defendant's Requests for Admissions. Plaintiff's response states unequivocally that the damages actually sought by the Plaintiffs exceed $75,000.00." With regard to the damages claimed, Plaintiffs' original Petition stated that Benjamin King, Sr.

> has suffered, continues to suffer, and will in the future suffer: severe, progressive, and permanent brain and bodily injuries, physical impairment, disfigurement, great pain and mental anguish, loss of enjoyment of life, loss of earnings, impairment of earning capacity, and expenses for necessary medical treatment and services.

as a result of Union Pacific's and the Knotts' actions. Plaintiffs also sought damages for Shaffer for interference with the parent/child relationship and for recovery of the damages to the tractor-trailer owned by the Sears.

On March 19, 2010, Plaintiffs submitted their Responses to Defendant's First Set of Requests for Production of Documents to Plaintiffs Benjamin King, Jr. and Malissa Shafer to Union Pacific while the case was pending in the Muskogee County District Court.

Request No. 2 sought "[a]ll statements, bills, or other documents that reflect medical expenses as a result of the accident for Benjamin King, Sr." Plaintiffs responded "[p]lease see attached Medical Bills." Appended to the discovery responses were numerous medical bills documenting over $400,000.00 in already incurred medical bills for Mr. King.

Through the pending Motion, Plaintiffs contend (1) complete diversity does not exist between Plaintiffs and Defendants since Plaintiffs are Oklahoma residents as are the Knotts; (2) Union Pacific's removal was untimely; and (3) Union Pacific waived its right to remove the action when it participated extensively in the filing of dispositive motions and engaging in discovery while it was pending in the state court. Because the second contention is determinative of the remand issue, this Court will give it precedence.

Clearly, for this Court to exercise diversity jurisdiction thereby rendering the removal of this action proper, it is required that there be diversity of citizenship between the parties and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). A presumption exists against federal jurisdiction in removed cases, in the interest of comity with state courts and federalism. Laughlin v. K-Mart Corp., 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863, 116 S.Ct.

174, 133 L.Ed.2d 114 (1995); <u>Brierly v. Alusuisse Flexible Packaging, Inc.</u>, 170 F.3d 583, 590 (6th Cir. 1999). The burden rests with the party requesting removal to prove the amount in controversy exceeds the jurisdictional amount. <u>Id</u>. It necessarily follows that the burden also rests upon the same party to establish that the removal was timely under 28 U.S.C. § 1446(b).

Removal to federal court is governed by 28 U.S.C. §1446. Removal is effectuated by filing an appropriate notice, such as was accomplished by Union Pacific in this case. However, the timing for the filing of the notice is not unfettered. A notice of removal must be filed

> within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . .

28 U.S.C. §1446(b).

The failure to comply with the time limitations contained within this section in removing a case "can fairly be said to render the removal 'defective' and justify a remand." <u>Huffman v. Saul Holdings Ltd. Partnership</u>, 194 F.3d 1072, 1077 (10th Cir.

4

1999)(citation omitted).

Certainly, discovery can constitute an "other paper" within the meaning of § 1446(b). Id. at 1078. Indeed, Union Pacific contends it could not ascertan the amount in controversy prior to receiving Plaintiffs' responses to its Requests for Admissions. Mr. King's medical bills "arising from the accident," however, submitted in response to Union Pacific's document request in discovery clearly established at least $400,000.00 would be in controversy in the case. Upon receipt of these bills, Union Pacific was on notice that more than $75,000.00 would be sought as damages arising from the accident. It then had 30 days from March 19, 2010 to file its Notice of Removal, which is calculated as April 18, 2010. As noted, Union Pacific filed its Notice on September 28, 2010. The failure to file the timely Notice justifies the remand of this case to the state court from where it originated.

Because the resolution of this issue results in the remand of the case, this Court need not address the remaining issues raised in the remand motion or the pending summary judgment motion. In particular, this Court states no position on the issue of whether the Knotts were fraudulently joined in this action to specifically defeat diversity jurisdiction as the case cannot be pursued in federal court.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Remand

(Docket Entry #13) is hereby **GRANTED**. Accordingly, this case is hereby **REMANDED** to the District Court in and for Muskogee County, Oklahoma.

IT IS SO ORDERED this 16th day of May, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE